**SIGNED this 11th day of August, 2011**

_____

Shelley D. Rucker
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**SOUTHERN DIVISION**

In re:

THOMAS ROWAN CLARKE,                           No. 09-12721
                                               Chapter 13

          Debtor;

THOMAS ROWAN CLARKE and
CORNERSTONE COMMUNITY BANK,

          Plaintiffs,

v.                                             Adversary Proceeding
                                               No. 09-01153

MICHAEL SHOFNER

          Defendant.

**MEMORANDUM**

     Defendant Michael Shofner moves to dismiss this case for failure to prosecute and

because the dismissal of the Debtor Thomas Rowan Clarke's bankruptcy case has rendered

this adversary proceeding moot.  [Doc. No. 38].[1]  Plaintiff Cornerstone Community Bank

("Cornerstone") opposes the motion to dismiss. [Doc. No. 42].  The court has reviewed the

briefing filed by the parties, the pleadings at issue, and the applicable law and makes the

following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

**I.     Background**

The debtor ("Debtor") filed his Chapter 13 voluntary bankruptcy petition on May 3, 2009.

[Bankr. Case No. 09-12721, Doc. No. 1].  Cornerstone asserts that the Debtor delivered a

promissory note to Cornerstone in the original principal amount of $42,000 that was dated

September 21, 2001, and signed by the Debtor and the Debtor's wife.  The Debtor's home at

1405 Peter Pan Road, Lookout Mountain, Georgia secures the promissory note.  Cornerstone

recorded the note in Book 1047, Page 110, in the Office of the Clerk of the Superior Court,

Walker County, Georgia on October 1, 2001.

On August 30, 2002 the Debtor and his wife executed another promissory note in favor

of the Defendant in the amount of $128,650.  Defendant claims that the Debtor assigned to him

a Citizens State Bank security deed that was recorded in Book 1022, Page 756, in the Office of

the Clerk of the Superior Court, Walker County, Georgia on May 16, 2001.

On August 13, 2009, the Defendant filed a claim in the amount of $247,228.55, listed in

the bankruptcy claims register as Claim 8. [Bankr. Case No. 09-12721, Claims Register, Claim

8].  Defendant filed the claim as a secured claim with a security deed pertaining to the Debtor's

Lookout Mountain home.  He amended his claim on February 10, 2010 to indicate a claim of

$246,098.55.

Cornerstone filed an objection to the Amended Claim 8 and asserted that its security

deed on the Lookout Mountain real estate was superior to the claim of the Defendant.  The

---

[1]  All citations to the court's docket entries are for the docket pertaining to Adversary
Proceeding 11-1053, unless otherwise noted.

Defendant filed a reply asserting that his lien was superior to Cornerstone's lien.

The Debtor filed this adversary proceeding against the Defendant on September 24, 2009. [Doc. No. 1]. The Debtor's complaint asserts claims of breach of contract, breach of fiduciary duty, fraud, and detrimental reliance, as well as violation of the automatic stay. *Id.* Defendant answered the complaint, and Cornerstone filed a motion for an agreed order allowing intervention in the proceeding. [Doc. Nos. 6, 18]. This court granted the motion, and Cornerstone became a plaintiff in this proceeding. [Doc. No. 19]. It appears from the record and from the parties' assertions that very little discovery has occurred in this case. Cornerstone issued requests for admission to Defendant, and Defendant responded. *See* [Doc. Nos. 32-37, 40]. This court has not issued any memoranda regarding any dispositive motions or other motions related to this proceeding. This court dismissed the main bankruptcy case on May 26, 2011. [Bankr. Case No. 09-12721, Doc. No. 132].

## II. Analysis

Defendant moves to dismiss for failure to prosecute and on the basis that since the main bankruptcy case has been dismissed, the Defendant's Claim 8 is moot and this court no longer has jurisdiction in this proceeding. Cornerstone asserts that it issued discovery to the Defendant and that courts have refused to dismiss a case for failure to prosecute with far less activity over longer periods of time than in this proceeding, citing *United States v. Myers*, 38 F.R.D. 194 (N.D. Cal. 1964). It further asserts that this court has the discretion to retain jurisdiction over the Plaintiffs' claims even after the dismissal of the Debtor's main bankruptcy case.

This court agrees with Cornerstone that the Plaintiffs' lack of vigorous pursuit of discovery or other pre-trial motions does not warrant dismissal of this proceeding for failure to prosecute. However, the court concludes that the factors of economy, convenience, fairness, and comity do not weigh in favor of this court's retention of jurisdiction over this proceeding.

In *Peabody Landscape Const., Inc. v. Schottenstein* the district court outlined the general rules regarding retention of jurisdiction of an adversary proceeding following dismissal of the main bankruptcy case:

> Generally, dismissal of an underlying bankruptcy case should result in the dismissal of all related adversary proceedings. This general rule favors dismissal because a bankruptcy court's jurisdiction over such related proceedings depends on the proceedings' nexus to the underlying bankruptcy case. Dismissal, however, is not mandatory and for good cause shown the presiding court is vested with discretion to retain the adversary proceeding, which was related to the bankruptcy case at the time of its commencement.

371 B.R. 276, 280 (S.D. Ohio 2007). The court identified four relevant factors that a court should consider when determining "whether to retain jurisdiction over an adversary proceeding based on 'related to' jurisdiction after the underlying bankruptcy case has been dismissed: economy, convenience, fairness, and comity." *Id.* at 281. Comity "is a concept that means that 'all else being equal, state issues ought to be decided by state courts.'" *Id.* (quoting *In re Casamont Investors, Ltd.*, 196 B.R. 517, 524 (9th Cir. 1996)).

In granting the defendants' motion to dismiss for lack of subject matter jurisdiction, the court in *Schottenstein* noted that:

> . . . the outcome of Plaintiff's state law claims cannot have any conceivable effect on the administration of the ceased bankruptcy estate. This Court finds that Plaintiff's state law claims are no longer "related to" proceedings under § 1334(b). This Court also finds that dismissal is appropriate as this case does not present special circumstances that warrant this Court to retain jurisdiction over these claims.

*Id.* at 281. The plaintiff's case involved state law contract and restitution claims. *Id.* at 277.

This case also involves a state law dispute over the priority of liens held by Defendant and Cornerstone relating to the Debtor's Lookout Mountain home. It is also likely to require an analysis of real property laws relating to assignments of deeds of trust. This dispute is no longer "related to" a case under Title 11 because it can no longer have any conceivable effect on the bankruptcy estate. *See id.* at 279 (citing *Browning v. Levy*, 283 F.3d 761, 773 (6th Cir.

2002)).

Cornerstone argues that the four relevant factors pertaining to jurisdiction weigh in favor of the court maintaining jurisdiction over this proceeding. With respect to the first factor of "economy," the parties admit that they have engaged in minimal discovery, and this court has not issued any extensive opinions regarding any dispositive motions. Cornerstone's motion for summary judgment related to whether its requests for admission should be deemed admitted, and it subsequently withdrew the motion based on the affidavit of Defendant's counsel. *See* [Doc. Nos. 32, 33, 34-1, 40]. Although trial is scheduled for September 13, 2011, the pre-trial deadlines have not yet commenced. Thus, the court finds this case distinguishable from *Chapman v. Currie Motors, Inc.*, a case relied upon by Cornerstone. In that case the adversary had been pending for years and was frivolous and the district court could have dismissed the proceeding on the merits rather than relinquishing jurisdiction. 65 F.3d 78, 80 (7th Cir. 1996). Here, the factor of economy does not weigh in favor of retaining jurisdiction.

The court further concludes that, as it has not ruled in any significant way on any of the state law issues raised in this adversary proceeding, it is no less convenient for a state court to hear the parties' claims than it is for this court to retain jurisdiction. With respect to the factor of fairness, it does not appear from the docket that any party has spent a tremendous amount of time or effort litigating the issues in the case. The court has no way of knowing if the Debtor has any intention of pursuing his original claims against the Defendant, and it appears from the assertions of the parties that very minimal discovery has been conducted. The real estate lien priority issue is well within the expertise of the state courts.

In addition, as noted *supra*, the issue of comity weighs in favor of a Georgia state court determining the priority of lien question in this case. All things being equal, a state court should decide state law issues. *See Schottenstein*, 371 B.R. at 281. There is no compelling reason why this court should retain jurisdiction in this proceeding since the Debtor's bankruptcy case

has been dismissed.

The court further concludes that the situation present in *Swinson v. Coates & Lane, Inc.*

*(In re Swinson)*, a case relied upon by Cornerstone, is distinguishable from the situation here.

No. 01-10165, 2004 WL 3779953 (Bankr. D. Col. July 27, 2004).  In that case, the court

determined that it must retain jurisdiction because

> [t]he adversary proceeding ha[d] been pending for almost three years; it was fully
> tried in the bankruptcy court in a two-day trial; the bankruptcy court issued
> extensive proposed findings of fact and conclusions of law; a record of the trial
> was prepared; the defendant's objections to the proposed rulings were briefed
> and argued in the district court; and the district court examined and ruled on the
> objections, suspending its ruling only while the jurisdictional issue [was]
> addressed.  To start all over again in a state court would impose an unwarranted
> burden on that court.

*Id.* at *4.  In contrast, in this proceeding the court has remained uninvolved, and it appears from

the motions filed by the parties and the Defendant's suggestion of a failure to prosecute, that

the parties have engaged in minimal discovery.  Therefore, this is not a situation in which the

court has already ruled on all of the relevant issues and now must address its jurisdiction, as

was the case in *In re Swinson*.

For these reasons, the court will grant the Defendant's motion to dismiss.

**III.     Conclusion**

As explained *supra*, the court concludes that because the Debtor's main bankruptcy

case has been dismissed, no special circumstances warrant this court's retention of jurisdiction

over the state law claims at issue in this adversary proceeding.  For this reason, the court will

GRANT the Defendant's motion to dismiss.  The court will DISMISS this adversary proceeding.

A separate order will enter.